IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN MAYS, JR., | ) |
| AIS #150299, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:04-CV-968-WKW |
| | ) [WO] |
| | ) |
| TERRANCE McDONNELL, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Calvin Mays, Jr. ["Mays"], a state inmate, on October 8, 2004.[1]  In this petition,

Mays challenges a conviction for felony murder imposed upon him by the Circuit Court of

Montgomery County, Alabama on June 24, 1999.  On August 24, 1999, the trial court

sentenced Mays as a habitual offender to life imprisonment for this conviction.  By

operation of law, Mays' felony murder conviction became final in April of 2000.

---

[1]1.  Mays certified that he executed his habeas petition on October 8, 2004.  The law is well settled
that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston
v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999);
*Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of
prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison
authorities the day [Mays] signed it . . ."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).
In light of the foregoing, the court considers October 8, 2004 as the date of filing.

In accordance with the orders of this court, the respondents filed an answer in which they argue that Mays' federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] The respondents contend that because the challenged conviction became final after the effective date of the statute of limitations Mays must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition remained pending before the state courts.

The respondents acknowledge that Mays filed a Rule 32 petition with the trial court on November 14, 2000.[3] However, they maintain that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition the limitation period expired prior to Mays filing the present federal habeas petition. *Respondents' Answer* at 5-6. Additionally, although Mays filed a second Rule 32 petition in March of 2003 and another

---

[2]. Title 28 U.S.C. § 2244(d)(1) sets forth the federal limitation period. This section is contained within the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which became effective on April 24, 1996.

[3]. Although the state court clerk stamped the Rule 32 petition "filed"on November 17, 2000, Mays signed the verification of this petition on November 14, 2000. *See Respondents' Exhibit D* at 11. Thus, it is clear that this is the earliest date on which Mays could have  have presented his Rule 32 petition to prison officials for mailing. As previously noted, a pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing. *Houston v. Lack, supra.* "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to a pro se Rule 32 petition filed in the state courts of Alabama. Thus, November 14, 2000 is the appropriate date of filing for Mays' first Rule 32 petition.

petition in March of 2004, he filed these petitions long after expiration of the one-year period of limitation and, consequently, these petitions did not toll the limitation period relevant to the filing of a federal habeas petition as there was no period remaining to be tolled. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11ᵗʰ Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335(11ᵗʰ Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11ᵗʰ Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000).

The respondents therefore maintain that the applicable limitation period expired in March of 2002 and argue that the instant federal habeas petition is time-barred under Section 2244(d)(1)(A). *Respondents' Answer* at 6.

In light of the foregoing, the court entered an order advising Mays of his failure to file his § 2254 petition within the one-year period of limitation established by 28 U.S.C. § 2244(d)(1) and providing him an opportunity to show cause why this federal habeas petition should not be barred from review by this court as untimely. *See Order of November 9, 2004 - Court Doc. No. 13.* In response, Mays asserts that his challenge to the indictment is a jurisdictional claim which state law allows to be raised at any time and argues that such claim is therefore not barred by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). *Petitioner's November 17, 2004 Response - Court Doc. No. 20* at 1-2.[4]

---

[4]. State law is neither relevant nor dispositive in this matter. Moreover, the Eleventh Circuit affirmed this court's rejection of this precise argument in *Alexander v. Mitchem, et al.*, 2:02-CV-1261-MHT-

Moreover, throughout the pleadings filed in this case, Mays maintains that this court's failure to address his claim will result in a fundamental miscarriage of justice. These arguments do not entitle Mays to relief from application of the one-year period of limitation. Consequently, Mays failed to file the instant § 2254 petition for writ of habeas corpus relief within the requisite limitation period.

Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that no evidentiary hearing is required and that Mays' habeas petition is due to be denied as untimely in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.  DISCUSSION

### A.  Fundamental Miscarriage of Justice - Actual Innocence

The miscarriage of justice exception allows federal courts to address a procedurally barred claim if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 296 (1986). This court must determine whether Mays has made a showing of actual innocence before addressing the respondents' assertion that the federal habeas petition is barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218

SRW (M.D. Ala. 2004).

(11th Cir. 2000).

"To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Id.* at 623-624.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Mays has submitted no "new reliable evidence" to support his assertion of a fundamental miscarriage of justice nor has he suggested that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. The court therefore concludes that the petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

5

## B.  The Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 amended the habeas corpus statute to include a one-year period of limitation on petitions of state inmates filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later.  Where a petitioner preserves his right to file a

6

petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

The Circuit Court of Montgomery County, Alabama entered a judgment of conviction against Mays for felony murder on June 24, 1999. Mays filed a direct appeal and the Alabama Court of Criminal Appeals affirmed this conviction by memorandum opinion on March 24, 2000. *Mays v. State*, 805 So.2d 792 (Ala.Cr.App. 2000) - *Respondents' Exhibit B*. Mays did not further appeal his felony murder conviction and the appellate court therefore issued the certificate of judgment on April 11, 2000. *Respondents' Exhibit C*.[5] Since Mays failed to seek relief from the Alabama Supreme

---

[5]5. Where further action is not undertaken upon a ruling by the appellate court, the certificate of judgment issues eighteen (18) days after issuance of the court's opinion. Rule 41(a), *Alabama Rules of*

Court, he relinquished his right to file a petition for certiorari with the United States Supreme Court and the time for seeking review of his felony murder conviction therefore lapsed upon expiration of the time for filing a request for rehearing in the appellate court -- fourteen (14) days from issuance of the opinion affirming the conviction.  Rule 39(c)(1), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court*.  Thus, Mays' felony murder conviction became final, at the latest, on April 11, 2000 and the one-year limitation period contained in section 2244(d)(1)(A) began to run on this date.

### 1.    Waiver of Limitation Period for Jurisdictional Claim

Mays asserts that his deficient indictment claim challenges the jurisdiction of the trial court and argues that such claim is therefore not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A).  However, neither the habeas statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.  The Eleventh Circuit has likewise rejected this argument.  *Alexander v. Mitchem, et al.*, Civil Action No. 2:02-CV-1261-MHT-SRW (M.D. Ala. 2004).  Thus, this assertion is without merit.

---

*Appellate Procedure*.

Moreover, the court notes that no government impediment existed to the presentation of Mays' claim nor is this claim based on a newly recognized constitutional right. The record further establishes that the factual predicate of the claim was readily available to Mays at the time of his conviction and sentence. Mays' allegation of a deficient indictment therefore fails to meet any of the exceptions for determining finality of judgment contained in 28 U.S.C. § 2244(d)(1)(B), (C) and (D).

**2.    Statutory Tolling of the Limitation Period**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 216 days after Mays' murder conviction became final on April 11, 2000 until his filing a Rule 32 petition in the Circuit Court of Montgomery County on November 14, 2000. This state post-conviction petition remained pending in the state courts until final resolution occurred upon issuance of the certificate of judgment by the Alabama Court of Criminal Appeals on November 6, 2001. Thus, as of the aforementioned date, Mays had only 149 days of the limitation period remaining within which to file a federal habeas petition. Consequently, the time allowed Mays for filing a § 2254 petition expired on April 4, 2002.

Although Mays filed subsequent Rule 32 petitions in March of 2003 and March of 2004, these post-conviction petitions were not pending during the running of the limitation period as they were filed after expiration of this time period.  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 2244(d)(2).

While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  It is therefore clear that Mays' second and third state post-conviction petitions had no affect on the running of the limitation period

applicable to the instant federal habeas petition.  *Webster*, 199 F.3d at 1259.

### 3.      Equitable Tolling of the Limitation Period

Case law supports the conclusion that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002).  "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997).

This kind of tolling, however, applies only in truly extraordinary circumstances. *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew,* 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections,* 259 F.3d 1310, 1313-14 (11th Cir.2001). An exhaustive review of the pleadings filed by Mays and the state court record fails to reveal any circumstances which warrant equitable tolling of the limitation period.

11

Consequently, Mays' petition is properly subjected to the one-year period of limitation mandated by federal law.

### 4.      Expiration of the Limitation Period

Mays filed the instant federal habeas petition on October 8, 2004.  Under the facts and circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) began to run on April 12, 2000 and ran uninterrupted until Mays filed a Rule 32 petition on November 14, 2000.  The limitation period remained tolled until final resolution of this petition by the state courts on November 6, 2001.  The limitation period therefore again began to run and ran without interruption until its expiration on April 4, 2002, over two years prior to Mays filing this federal action.  Mays has failed to show cause why his petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The  petition for habeas corpus relief filed by Calvin Mays, Jr. on October 8, 2004 be denied as Mays failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

2.  This case be dismissed with prejudice.

12

It is further

ORDERED that on or before 11 October 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of September, 2006.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE

13